Parker, J.
The evidence offered by the defendant, tended to establish two points, to wit, the prosecutor’s previous hostility, and his antecedent provocations; and the question is, Whether it ought to have been received in mitigation ?
It can scarcely be contended, that the “ bad terms” existing between the prosecutor and defendant, could have any other effect, than to render it probable that the assault had been made through revengeful feelings. The only question, therefore, is as to the provoking and abusive language used on previous days. On this point we have not looked to english authorities in cases of indictments for assaults ; because, the practice in England, and in several of the states, is for the court, which fixes the punishment, to hear evidence in mitigation of the fine, and that evidence may be often loose and irregular, because the correction is *582 in the breast of the court. But we have looked into civil . cases of this character, where evidence of previous provocations has been offered in mitigation of the damages, the principle of which is strictly applicable, where evidence for the same purpose is offered in a case of misdemeanour, to lessen the fine. We particularly refer to the cases of Avery v. Ray, 1 Mass. Rep. 12. Lee v. Woolsey, 19 Johns. Rep. 319. and Waters v. Brown, 3 Marsh. 559. They establish this principle, that previous provocations, to have the effect of mitigating the damages, should he so recent as to induce a fair presumption, that the violence was committed during the continuance of the feelings and passions excited by them, and such as in fact may fairly be considered a part of one and the same transaction. This rule is adopted in analogy to the one which prevails in cases of homicide. Antecedent provocations will not there mitigate the offence, if a sufficient time has intervened between the provocation and the killing, for passion to subside, the warm blood to cool, and reason to interpose; for the law which notices the weaknesses of men, will not indulge their passions. A contrary course would not only encourage an appeal to force and violence, in every case of real or supposed insult, but would lead to inquiries wholly different from the one on the record, and thus divert and distract the attention of the jury. It is matter of necessity, that all the parts of the same transaction, and whatever is immediately connected with and led to it, should be heard and considered, although involving several inquiries. But the courts have steadily resisted any extension of this rule, to prevent the attention of the jury, from being drawn from the issue they are sworn to try, to the examination of collateral facts. The case under consideration might have furnished an exemplification of the impropriety of permitting such evidence; for if the defendant had been allowed to give in evidence provocations received on previous days, and at different places, the prosecutor ought to have been allowed to shew under what circumstances they were offered; and’ then where would be *583 the stopping point? The court is, therefore, of opinion, that immediate provocations only, or such as are plainly a part of the res gesta,, received so recently that the blood has not had sufficient time to cool, can properly be received in evidence for the purpose stated in the bill of exceptions; and that the circuit court of Orange did right in rejecting such as was offered by the defendant, he not having shewn on the record the relevancy of such inquiries to the issue joined.
It has indeed been suggested, that, as under some possible state of things, previous provocations, even on a former day, might be admitted as explanatory of the transaction itself, namely, where allusion to them is made at the time, the court, in this case, ought to have received the testimony offered, with an instruction to the jury to disregard it, if the connexion between the insult and the violence was not established to their satisfaction. But we think, that it is not only the province, but the duty of the court, to decide on tlie admissibility of evidence, with reference to the facts in issue, even although such admissibility depends on matters of fact; and to reject it, if a proper foundation is not laid for its admission, lest the jury might be prejudiced and misled by testimony, which, upon the subsequent facts proved, might turn out to be irrelevant and improper. The course pursued in relation to confessions of guilt, and to declarations made in articulo mortis, both depending upon the circumstances or facts of each case, furnishes the illustration of this rule. The defendant, in the present case, shews by his bill of exceptions, no collateral facts which might have justified the court in admitting his proof. He offered evidence prima facie inadmissible. He established no connexion between the assault and battery charged upon him, and the provocations he had previously received; nor did he offer any fair presumption from which the court ought to have concluded, that the one was the consequence of the other, and committed before his blood had time to cool. Under these circumstances the court is clearly of opinion, that his application for a writ of error ought to be overruled.