## Hill v. Commonwealth.

(Decided September 23, 1924.)

### Appeal from Bell Circuit Court.

1. Assault and Battery—Only Immediate Provocation Constituting Part of Res Gestae May be Received in Evidence.—In criminal prosecution for assault and battery, only immediate provocation constituting part of res gestae, and received so recently that there has been no sufficient cooling time, may be received in evidence, and where accused struck woman staying at his mother-in-law's home, because she said she would not leave there, court properly refused to permit accused to prove that prosecuting witness had had men lying around with her in his mother-in-law's home.

2. Criminal Law—Verdict Will Not be Set Aside as Excessive Unless Jury has Abused Discretion by Inflicting Cruel Punishment.—Verdict will not be set aside as excessive unless jury abused its discretion by inflicting cruel punishment, which Constitution forbids (Constitution, section 17).

3. Criminal Law—Fine of $500.00 and Six Months' Imprisonment Held Not Cruel Punishment, Requiring Setting Aside of Verdict.—

A verdict fixing fine of $500.00 and imprisonment in jail for six months for assault and battery upon a woman held not cruel punishment forbidden, by Constitution, section 17, and court may not set it aside.

ISHAM G. LEABOW for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Appellant was convicted of assault and battery and his punishment fixed at a fine of $500.00 and six months in jail.

The victim of the assault was Troy Smalling, a young woman who stayed at the home of Nancy Nicholson, appellant's mother-in-law. According to her evidence, appellant came to the home of his mother-in-law and asked witness where she was. Witness replied that she was out in the yard. Appellant then said that witness had had certain men lying around with her, and that she would have to leave. Witness replied that she would not do it, and that she would leave when she got ready. Appellant then slapped her in the face and knocked her down with his fist. After that he kicked her on the side. She then got up and ran into another room, when appellant followed her and struck her again in the face. She had black and blue places on her face and on her side where he had kicked her for several days thereafter.

Appellant's testimony is to the effect that he went over to see his mother-in-law and found the prosecuting witness in the kitchen. He. told her that she had been allowing certain men to lie around with her and that she must leave. She replied, ''I will leave when I get ready. you son of a b—.'' He immediately slapped her with his open hand, but did not recall having kicked her. On cross-examination he said, ''I struck this woman because she called me a son of a b— when I asked her to leave.''

The court refused to permit appellant to prove that the prosecuting witness had had men lying around with her in his mother-in-law's home, and this is the principal ground urged for reversal.

The argument is that the misconduct of the prosecuting witness was a matter of provocation which should have gone to the jury in mitigation of the punishment. While we have a statute permitting any matter of provocation which preceded the assault to be given in evidence

in mitigation of punitive damages in a civil action, Kentucky Statutes, section 73a-1, there has been no change in the common law rule governing criminal prosecutions. Under that rule only immediate provocation constituting a part of the *res gestae,* and received so recently that there has been no sufficient cooling time, may be received in evidence (5 C. J., section 252; Rawlings v. Commonwealth, 1 Leigh (28 Va.) 581, 19 Am. Dec. 757; State v. Nicolai, 8 Mo. A. 598), and it is clear that the rejected evidence does not come within the rule.

Another complaint is that the verdict is excessive. The punishment in a case of this kind is either a fine or imprisonment, or both fine and imprisonment at the discretion of the jury, and a verdict will not be set aside unless the jury has abused its discretion by inflicting a cruel punishment which the Constitution forbids.    Constitution, section 17. It is clear that the punishment imposed in this case does not fall within that category.    Cornelison v. Commonwealth, 84 Ky. 583.

Judgment affirmed.